UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00028 JVS (KESx) | Date | May 13, 2019 |
| Title | Estate of Michael Anthony Perez, et al. v. City of Orange, et al. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **Defendants City of Orange, Carlos Gutierrez, Thomas Kisela's Motino for Summary Judgment Against Monique Perez [74]**

Cause is called for hearing. Counsel for defendants submit on the tentative ruling previously issued and are not present. There is no appearance on behalf of Plaintiff. The Court **GRANTS** Defendants' Motion and rules in accordance with the tentative as follows:

Defendants City of Orange ("Orange"), and Thomas Kisela ("Kisela") and Carlos Gutierrez ("Gutierrez") in their capacities as Orange employees (together, "Defendants") filed a motion for summary judgment against Plaintiff Monique Perez ("Ms. Perez") on all her causes of action. Mot., Docket No. 74. No opposition has been filed. See Docket No. 77.

For the following reasons, the Court **grants** the motion.

## I. UNDISPUTED FACTS

This action arises out of the death of Michael Anthony Perez ("Decedent"), who was shot and killed by Orange Police Officer Gutierrez while he and other officers were attempting to detain him after a traffic stop escalated into a 56-minute standoff. Ms. Perez brings three claims: (1) the third cause of action for violation of substantive due process against Gutierrez; (2) the fifth cause of action for wrongful death under California law against all Defendants; and (3) the sixth cause of action for violation of California Civil Code § 52.1 ("Bane Act") against Gutierrez and Orange. See Third Amended Complaint ("TAC"), Docket No. 63. Defendants move for summary judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00028 JVS (KESx) | Date | May 13, 2019 |
| Title | Estate of Michael Anthony Perez, et al. v. City of Orange, et al. | | |

on all three claims.[1]

     At 11:19 p.m. on March 12, 2017, Orange Police Officer Mikhail Shemyakin ("Shemyakin") encountered a white van with what appeared to be a malfunctioning tail light while on patrol. Declaration of Mikhail Shemyakin, Docket No. 74 at 16 ("Shemyakin Decl.") ¶ 2, Ex. A ("Shemyakin Footage") at 11:19 p.m. Shemyakin ran the vehicle's license plate and discovered an outstanding warrant for its owner, Decedent. Shemyakin Decl. ¶ 2. Shemyakin then initiated a traffic stop, which resulted in the van eventually coming to a stop at a shopping center parking lot at 108 West Katella. Shemyakin Footage at 11:19:49 p.m. At 11:30 p.m., Shemyakin made contact with the vehicle's driver, who confirmed that he was Decedent. Shemyakin Decl. ¶ 4; Shemyakin Footage at 11:30:24. For the ensuing 56 minutes, Decedent refused to voluntarily exit the van. Shemyakin Footage at 11:30:24 p.m. – 12:26:23 a.m.; id., Ex. B ("Gutierrez Footage") at 11:30 p.m. – 12:26:23 a.m. During the stand-off, Decedent verbally threatened to light himself on fire several times, brandishing a gas can, rags, and cigarette lighters. Shemyakin Footage at 11:33:30 p.m. – 12:26:23 a.m.; Gutierrez Footage at 11:58:57 p.m. – 12:26:23 a.m. The officers could smell gasoline, indicating that Decedent had the means to carry out his threat. Shemyakin Decl. ¶ 5; Gutierrez Decl. ¶ 5. At 11:41 p.m., Decedent told the officers to look at what he claimed were fresh, self-inflicted burns on his neck. Shemyakin Footage at 11:41:28 p.m.; Gutierrez Footage at 11:41:28 p.m. Over the course of the stand-off, fifteen Orange Police Department ("OPD") officers arrived to assist. Shemyakin Decl. ¶ 4; Gutierrez Decl. ¶ 4. Given Decedent's observed conduct, the officers' consensus was that Decedent was unlikely to voluntarily exit the van, and that he had the means to carry out his threat of self-immolation, a threat which increased the longer the stand-off went on. Shemyakin Decl. ¶ 5; Gutierrez Decl. ¶ 5. The van's windows were also heavily tinted such that the interior could not be viewed, increasing the officers' uncertainty regarding potential threats within. See Shemyakin Footage; Gutierrez Footage; Shemyakin Decl. ¶ 5; Gutierrez Decl. ¶ 5.

     A plan was devised: one team of officers would break the van's passenger windows and douse the interior with a firehouse in order to (a) eliminate the threat of fire and (b) force Decedent to exit the van. Shemyakin Decl. ¶ 6; Gutierrez Decl. ¶ 6. Meanwhile, another team of officers would approach the van's driver side to intercept

---

[1] The remaining Plaintiffs' claims have either been dismissed or conditionally settled. Mot., Docket No. 74 at 4 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00028 JVS (KESx) | Date | May 13, 2019 |
| Title | Estate of Michael Anthony Perez, et al. v. City of Orange, et al. | | |

Decedent when he exited.  Shemyakin Decl. ¶ 6; Gutierez Decl. ¶ 6.  That plan was put into action.  Shemyakin Footage at 12:25:53 a.m.; Gutierrez Footage at 12:25:53 a.m.; Shemyakin Decl. ¶ 7; Gutierrez Decl. ¶ 7.

     When Decedent exited the van, he had a knife in a sheathe on his hip, and officers began yelling "Knife!" to highlight the danger.  Shemyakin Footage at 12:26:58 a.m.; Gutierrez Footage at 12:26:58 a.m.  Decedent and Shemyakin then began grappling with one another.  Shemyakin Footage at 12:27:00 a.m.; Gutierrez Footage at 12:27:00 a.m.; Shemyakin Decl. ¶ 7; Gutierrez Decl. ¶ 7.  During this time, a non-lethal round was fired at Decedent that had no discernable effect on him.  Gutierrez Footage at 12:26:59 a.m.; Shemyakin Decl. ¶ 7; Gutierrez Decl. ¶ 7.  Thereafter, Gutierrez fired a single, ultimately fatal bullet which struck Decedent in the torso, whereupon he fell to the ground.  Shemyakin Footage at 12:27:04 a.m.; Gutierrez Footage at 12:27:04 a.m.; Shemyakin Decl. ¶ 7; Gutierrez Decl. ¶ 7.  Six seconds elapsed from the time Decedent exited to the time of the shooting.  Shemyakin Footage at 12:26:58 a.m. – 12:27:04 a.m.; Gutierrez Footage at 12:26:58 a.m. – 12:27:04 a.m.  Decedent died from the gunshot wound.  TAC, Docket No. 63 ¶ 37.

     Ms. Perez alleges she is entitled to damages in her capacity as Decedent's daughter.  Id. ¶ 13.  However, Ms. Perez has not produced a copy of her birth certificate, nor any other evidence that would confirm her parentage.  Declaration of Douglas Lief, Docket No. 74 at 22 ("Lief Decl.") ¶¶ 2–3, Exs. C, D at Nos. 7, 8, 17.  Ms. Perez was not present for Decedent's shooting, nor any events which precipitated it.  Shemyakin Decl. ¶ 8; Gutierrez Decl. ¶ 8.

## II. Legal Standard

     Summary judgment is appropriate where the record, read in the light most favorable to the non-movant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim.  Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim[.]") (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-00028 JVS (KESx)                           Date   May 13, 2019

Title   Estate of Michael Anthony Perez, et al. v. City of Orange, et al.

Material facts are those necessary to a claim's proof or defense; they are determined by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[2]

The moving party bears the initial burden to establish the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][3] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the non-movant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. Standing

#### A.   No Proof of Familial Relationship

Ms. Perez brings three claims: (1) a federal substantive due process claim against Gutierrez under 42 U.S.C. § 1983 (third cause of action); (2) a state law wrongful death claim against all Defendants (fifth cause of action); and (3) a Bane Act claim against Gutierrez and Orange (sixth cause of action). TAC, Docket No. 63.

California Code of Civil Procedure § 377.60(a) allows a cause of action to be brought by "the decedent's surviving . . . children." Thus, absent competent evidence of

---

[2] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[3] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-00028 JVS (KESx)    Date  May 13, 2019

Title  Estate of Michael Anthony Perez, et al. v. City of Orange, et al.

this relationship, the cause of action must fail. If plaintiff lacks standing to bring a wrongful death claim under § 377.60(a), that plaintiff also lacks standing to bring a claim under 42 U.S.C. § 1983. See, e.g., Reynolds v. Cty. of San Diego, 858 F. Supp. 1064, 1069 (S.D. Cal. 1994), aff'd in part, remanded in part, 84 F.3d 1162 (9th Cir. 1996).

Here, Ms. Perez has not provided competent evidence indicating that she is indeed one of Decedent's surviving children. Ms. Perez promised to produce her birth certificate in discovery, but no production was ever made. Nor has any effort been made to produce a DNA test or testimony from Ms. Perez's mother regarding Ms. Perez's parentage. Finally, even if Ms. Perez declared that she is Decedent's daughter, she does not have personal knowledge of her own conception, and the testimony would be inadmissible hearsay to the extent her knowledge of her parentage derives from what she was told by others. Fed. R. Evid. 801(c), 802.

As with all elements of her claims, Ms. Perez carries the burden of proof of showing that she is indeed one of Decedent's surviving children as required for a wrongful death claim under California law. See Cal. Civ. Code § 377.60(a). Therefore, Ms. Perez does not have standing to bring her wrongful death claim because there is no competent evidence in the record indicating that she is one of Decedent's surviving children. Cal. Civ. Code § 377.60(a). Furthermore, whether Ms. Perez has standing to bring her 42 U.S.C. § 1983 substantive due process claim depends on whether she has standing to bring her state law wrongful death claim. See Reynolds, 858 F. Supp. at 1069.

Accordingly, the Court grants Defendants' motion for summary judgment as to Ms. Perez's substantive due process and wrongful death claims for lack of standing.

**B.    Derivative Harm**

Ms. Perez is barred from bringing her Bane Act claim because there is no evidence that Defendants deprived her of any rights which are not derivative of the rights allegedly deprived of Decedent. The Bane Act is not simply a wrongful death provision; rather, it is "limited to plaintiffs who themselves have been the subject of violence or threats" in violation of their rights. Bresaz v. Cty. of Santa Clara, 136 F. Supp. 3d 1125, 1138 (N.D. Cal. 2015) (quoting Bay Area Rapid Transit District v. Superior Court ("BART"), 38 Cal. App. 4th 141, 144 (1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00028 JVS (KESx) | Date | May 13, 2019 |
| Title | Estate of Michael Anthony Perez, et al. v. City of Orange, et al. | | |

In <u>Bresaz</u>, relatives of a decedent who was shot and killed during a confrontation with police brought a claim under the Bane Act. <u>Id.</u> at 1128–29. The court dismissed the relatives' Bane Act claim for lacking of standing because they had not <u>personally</u> been deprived of their rights; rather, they "were deprived of their substantive due process rights because of the acts of violence or threats of violence committed by Defendants against the Decedent . . .[,] the exact sort of 'derivative liability' claim that is not supposed to be actionable under the Bane Act." <u>Id.</u> at 1138 (quoting <u>BART</u>, 38 Cal. App. 4th at 144–45).

The same is true here. Ms. Perez was not personally subjected to any action by Defendants. The only allegedly actionable conduct involves tactics employed against Decedent, and Ms. Perez was not present for those events. Therefore, her harm is purely derivative, <u>i.e.</u>, Ms. Perez's rights were violated only to the extent that Decedent's rights were violated. Therefore, as <u>Bresaz</u> makes clear, Ms. Perez lacks standing to assert a substantive due process claim under the Bane Act.

In sum, there is no genuine dispute that Ms. Perez lacks standing to bring her claims for (1) violation of substantive due process under 42 U.S.C. § 1983, (2) state law wrongful death, or (3) violation of substantive due process under the Bane Act. Accordingly, summary judgment in Defendants' favor is appropriate.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants** the motion.

**IT IS SO ORDERED**

| | : | 02 |
|---|---|---|
| Initials of Preparer | lmb | |